1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                      NORTHERN DISTRICT OF CALIFORNIA
9                             SAN JOSE DIVISION
10
11  DR. ALIAZAM ABBASFAR and            )        Case No.: C07-1155  PVT
    MAHDIEH ANSARI ROODSARI,            )
                                        )        **ORDER DENYING RESPONDENTS'**
12                   Petitioners,        )        **MOTION TO DISMISS UNDER RULE**
                                        )        **12(b)(1) AND RULE 12(b)(6)**
13          v.                          )
                                        )
14  MICHAEL CHERTOFF et al.,            )
                                        )
15                   Defendants.         )
16  _____
17  **I.      INTRODUCTION AND FACTUAL BACKGROUND**
18          On August 24, 2005, Petitioners Aliazam Abbasfar and Mahdieh Ansari Roodsari, are
19  married natives of Iran, each filed an I-485 application to adjust their status to that of a lawful
20  permanent resident (Complaint ¶¶ 9-10).  Petitioner Abbasfar's application is based on his
21  employment and Petitioner Roodsari's application is derivative to Petitioner Abbasfar's.  On
22  February 27, 2007, Petitioners filed the complaint in this matter seeking to compel Respondents
23  Michael Chertoff, Secretary of Department of Homeland Security; Emilio Gonzalez, Director of
24  U.S. Citizenship and Immigration Service ("USCIS"), Christina Poulos, Acting Director of
25  USCIS California Service Center; Alberto Gonzales, U.S. Attorney General, and Robert Mueller,
26  Director of Federal Bureau of Investigation to adjudicate their I-485 applications.  (Complaint ¶
27  32.)  On May 1, 2007, Respondents filed a motion to dismiss based on lack of jurisdiction and
28  failure to state a claim.  Fed. R. Civ. P. 12(b)(1) and (6).  Petitioners filed an Opposition on July

4, 2007 and Respondents filed a Reply on July 17, 2007.  The Court compliments both sides on the thorough and professional arguments presented in the papers and at the hearing.

Petitioners argue that jurisdiction is present under 28 U.S.C. §1361 (the "Mandamus Act"), 5 U.S.C. § 551 (the Administrative Procedure Act "APA), and 28 U.S.C. § 1331 (federal question jurisdiction.)

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Immigration and Nationality Act

The Immigration and Nationality Act, 8 U.S.C. § 1255 ("INA") provides:

> The status of an alien . . . may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255 (a) (emphasis added.).  USCIS along with the FBI conduct several forms of security and background checks to make sure the applicant is eligible for adjustment of status and does not pose a security risk.  The statute sets forth no time frame in which a determination must be made.

#### 2.   Standards for Motion to Dismiss under Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint is construed in the light most favorable to plaintiff and its factual allegations are taken as true.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).  The Court may, however, take judicial notice of and consider matters of public record outside the pleadings.  *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  A complaint may not be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

//

3.       Standards for Motion to Dismiss under 12(b)(1)

Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. A court must presume lack of jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986) (The party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction is proper.).

A defendant can challenge either the sufficiency or the truth of the allegations establishing jurisdiction. When a defendant challenges the sufficiency of the jurisdictional allegations in the complaint, the same standards apply to a 12(b)(1) motion as apply to a motion under Rule 12(b)(6). In contrast, when a defendant challenges the truth of the jurisdictional allegations in the complaint, the court may properly consider facts outside of the complaint, can evaluate disputed facts to determine jurisdiction, and need not assume the truthfulness of the allegations in the complaint. *Thornhill Publishing v. General Tel. & Elec. Corp*., 594 F.2d 730, 733 (9th Cir. 1979 ); *Doe v. Schacter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

In this case, Defendants challenge the sufficiency, and not the truth, of Petitioners' jurisdictional allegations. Accordingly, the 12(b)(6) standard applies to Defendant's 12(b)(1) motion.

**B.       Motion to Dismiss for Lack of Jurisdiction Under Rule 12(b)(1)**

1.       Jurisdiction Under the APA and 28 U.S.C. § 1331

The APA requires: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). Under the APA, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action" includes a failure of the agency to act and courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

In order to invoke jurisdiction under the APA, a petitioner must show that: "(1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty.  Once a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Gelfer v. Chertoff et al.*, 2007 WL 902382 at *1 (N.D. Cal. March 22, 2007), *citing Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004) ("SUWA").

The APA alone does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  However,  jurisdiction is present when the APA is combined with 28 U.S.C. § 1331, which provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Respondents argue that jurisdiction is lacking under the APA because a court can only compel an action that is required; an action that is not required cannot be unreasonably delayed. *SUWA*, 542 U.S.  at 63-65.  Respondents here argue that "Plaintiffs seek to compel a discretionary action - the adjudication of their applications for adjustment of status."  (Mot. at 9:13-14.)   While the statute grants the USCIS discretion over whether to grant the petition,"there is a difference between the [USCIS's] discretion over how to resolve an application and the [USCIS's] discretion over whether it resolves an application." *Singh v. Still*, 470 F.Supp.2d 1064, 1067 (N.D.Cal. 2006).  As Respondents have conceded in other cases, they owe a non-discretionary duty to adjudicate the petition.  *Mazouchi v. Still*, 2007 WL 2070324 at *3 (N.D. Cal. July 13, 2007) (noting that the government in *Gelfer* and *Singh* conceded that the duty to adjudicate was non-discretionary), *quoting Yu v. Brown*, 26 F.Supp.2d 922, 9 31 (D. N.M. 1999)("Administrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform.")(citations omitted.)

 Respondents further argue that the lack of a time frame in which to adjudicate the petition means that Respondents have discretion over the process of adjudicating the petition. Thus, Respondents argues, Petitioner cannot show unreasonable delay because the statute provides no deadline by which to judge the reasonableness of the delay.  This argument,

however, would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b).

Moreover, 8 U.S.C. §1571 provides a meaningful standard for the pace of adjudication of

adjustment of status applications by specifying "It is the sense of Congress that the processing of

an immigration benefit application should be completed not later than 180 days after the initial

filing of the application."

Accordingly, there is a meaningful standard against which to judge the agency action

and there is jurisdiction for this claim under the APA. *Gelfer v. Chertoff et al.*, 2007 WL 902382

(N.D. Cal. March 22, 2007); *Singh v. Still*, 470 F.Supp.2d 1064, 1067 (N.D.Cal. 2006). [1]

### 2.   The IIRIRA Does Not Preclude Jurisdiction

Defendants argue  that a provision in the Immigration and Nationality Act precludes

relief:

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law (statutory or nonstatutory), including
> section 2241 of Title 28, or any other habeas corpus provision, and sections 1361
> and 1651 of such title, and except as provided in subparagraph (D), and regardless
> of whether the judgment, decision, or action is made in removal proceedings, no
> court shall have jurisdiction to review--
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(I),
> 1229b, 1229c, or 1255 [adjustment of status] of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of
> Homeland Security the authority for which is specified under this subchapter to
> be in the discretion of the Attorney General or the Secretary of Homeland
> Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

Defendants argue that this provision precludes review of the pace at which USCIS

adjudicates applications for adjustment of status.  This section, however, does not address delay.

"The plain language of the provision on which it relied addresses 'decision or action' on

immigration matters, not inaction, which is the subject of the Complaint. *Fu v. Gonzales*, 2007

WL 1742376, at *2-6 (N.D.Cal. May 22, 2007), *citing Iddir v. I.N.S.*, 301 F.3d 492 (7th

---

[1] Every judge within the Northern District of California that has examined this question has found jurisdiction. *See, e.g. Aboushaban v. Mueller et al.*, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006)*; Qui v. Chertoff*, 2007 WL 1831130 (N.D. Cal. June 25, 2007); *Yu v. Chertoff*,  2007 WL 1742850, at *2-3 (N.D. Cal. June 14, 2007) (finding jurisdiction where I-485 application remained pending due to incomplete FBI name check and collecting cases).

1   Cir.2002); see also *Qui v. Chertoff*, 2007 WL 1831130 at \*3 (N.D. Cal. June 25, 2007); *Toor v.*

2   *Still*, 2007 WL 2028407 at \*2  (N.D. Cal. July 10, 2007)("Section 1252 (a)(2)(B) is inapplicable

3   to plaintiff's claim [for adjudication of status]").

4         Moreover, under Ninth Circuit law, Section 1252(a)(2)(B) is interpreted quite narrowly

5   and the decision must be "specified" to be in the Attorney General's discretion:

6       [I]t is not enough for the government to show that the decision is discretionary in
    nature. *See Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 690 (9th Cir.

7       2003).  Rather, it must show that 'the authority for a particular act is in the
    discretion of the Attorney General, [that is], the right or power to act is entirely

8       within his or her judgment or conscience.' Id. (emphasis added).  In other words,
    § 1252(a)(2)(B)(ii) precludes judicial review only of 'matters of pure discretion,

9       rather than discretion guided by legal standards.' Id.

10  *Nakamoto v. Ashcroft*, 363 F.3d 874 (9th Cir. 2004).  Here, the decision of whether to adjust

11  status is guided by legal standards found in Section 1255(a).  Thus, while the Attorney General

12  has discretion, he does not have pure or unfettered discretion.   Moreover, nothing in the act

13  specifies any discretion associated with the pace of adjudication.   Accordingly, under Ninth

14  Circuit law, the IIRIRA does not bar review of the adjudication process for applications for

15  lawful permanent resident status.[2]

16          3.   Jurisdiction Under the Mandamus Act

17        In order to obtain mandamus relief, Petitioner must show that "(1) [his] claim is clear and

18  certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be

19  free from doubt; and (3) no other adequate remedy is available."  *Patel*, 134 F.3d at 931.  "Relief

20  under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an

21  agency to act on a nondiscretionary duty."  *Gelfer*, 2007 WL 902382 at \*3, citing  *Independence*

22  *Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997) (finding relief sought  "essentially the

23  same" under Mandamus and APA and electing analysis under the APA).  Because the same

24  relief is sought and jurisdiction is present under the APA, this order need not address whether

25  mandamus jurisdiction exists in the context of petitioner's claim.  *Gelfer*, 2007 WL 902382 at \*3.

26  //

27

28      [2]The *Spencer* Court also suggested that Section 1252 might properly be limited to review of
order of deportation and exclusion.

4.    Jurisdiction for Petitioner Roodsari

Respondents argue that Petitioner Roodsari's petition should be dismissed as unripe because her application is dependent on successful adjudication of Plaintiff Abbasfar's application.  The statute provides:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 1101(b)(1) of this title shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c) of this section, be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

8 U.S.C. § 1153(d).  Thus, Petitioner Roodsari's status is not dependent upon successful completion of her husband's application for adjustment of status; she is currently entitled to the same consideration that he is.  Accordingly, she is entitled to assert that the delay in processing her application is currently unreasonable, even if it results from the delay in processing her husband's application.

**C.    12(b)(6) Motion to dismiss**

1.    FBI Name Check Not Complete

Respondents argue that they have submitted affidavits showing that the FBI check is being processed in accordance with protocol (Cannon Decl.) and the CIS background checks are being performed pursuant to statute (Crandall Decl.) and that neither process is complete. However, under the 12(b)(6) standard, a court may not consider affidavits.  Thus,  for purposes of the 12(b)(6) motion, there is no evidence from which the court could determine that the delay is reasonable as a matter of law.   Additionally, even if the court had considered the submitted declarations, they do not address any specific facts that would make the delay reasonable.  The fact that the standard process is being followed does not make the delay reasonable as a matter of law.  *See Mazouchi v. Still*, 2007 WL 2070324 at *4 (claims of overwork and invocation of national security do not render agency delay reasonable per se.) (citations omitted).

2.    Lack of Visa Availability

In Reply, Respondents argue for the first time that Petitioners' claims should be dismissed because, as of July 2, 2007, the government has run out of employment based visas for the current fiscal year.  Respondents argue that because an available visa is a prerequisite to

adjustment of status, Petitioners' claimed should be dismissed for failure to state a claim. The statute requires: (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.  8 U.S.C. § 1255 (a).  Thus, an applicant must be eligible for a visa and a visa must be available when the application is filed.  The fact that no visas are currently available is, therefore, irrelevant.

Moreover, as Petitioners argue, the current unavailability of a visa does not mean that there is no set of facts upon which relief could be granted.  For example, this court could order adjudication within a certain amount of time after a visa becomes available.

**III.    CONCLUSION**

For the Foregoing Reasons, It Is Hereby Ordered that Respondents' Motion to Dismiss for Lack of Jurisdiction and Respondents' Motion to Dismiss for Failure to State a Claim are DENIED.

IT IS SO ORDERED.

Dated: August 21, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge